**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

**VALLEY NATIONAL BANK,**

**PLAINTIFF,**

**v.**

**DRASTIC AIR MONTGOMERY, LLC, CHRIS FUDGE, AND KIMBERLY FUDGE,**

**DEFENDANTS.**

Case No. ________________

# VERIFIED COMPLAINT

Plaintiff, Valley National Bank (the "Lender" or "Plaintiff"), states the following for its complaint against Defendants Drastic Air Montgomery, LLC ("Borrower"), Chris Fudge ("Mr. Fudge"), and Kimberly Fudge (individually, "Mrs. Fudge" and together with Mr. Fudge, the "Guarantors"; Guarantors, together with Borrower, the "Defendants"):

## PARTIES

1. Valley National Bank is a national bank organized under the laws of the State of New Jersey, with its principal office at 70 Speedwell Avenue, Morristown, New Jersey 07960.

2. Drastic Air Montgomery, LLC is a limited liability company organized pursuant to the laws of the State of Alabama with its principal place of business

located in Montgomery, Alabama. Borrower maintains a registered agent who can be served with process at 2121 1st Ave N, Ste N Birmingham, AL 35203.

3. Chris Fudge is an individual residing at 202 Grandview Terrace Dr., Youngsville, LA 70592-5577 in Lafayette Parish, Louisiana. He is a member of Drastic Air Montgomery, LLC and a guarantor of the debts at issue.

4. Kimberly Fudge is an individual residing at 202 Grandview Terrace Dr., Youngsville, LA 70592-5577 in Lafayette Parish, Louisiana. She is a member of Drastic Air Montgomery, LLC and a guarantor of the debts at issue.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

6. A substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this judicial district, and the Defendants conduct business within this judicial district.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

## FACTS

### A. The Loan Obligations

*a. The April 2022 Loan*

8. On or about April 28, 2022, Lender loaned $3,103,000.00 (the "April 2022 Loan") to Borrower and Drastic Air Lafayette, LLC[1] (the "Co-Borrower") pursuant to the terms of that certain Loan Agreement dated April 28, 2022 (the "Loan Agreement"), which was executed by Borrower, Co-Borrower, and Guarantors (the Guarantors are referred to collectively with Borrower and Co-Borrower as the "Obligors") on the one hand, and Lender on the other. A true and correct copy of the Loan Agreement is attached hereto as **Exhibit A**.

9. The April 2022 Loan is evidenced by that certain Note dated April 28, 2022, which Borrower and Co-Borrower executed in favor of Lender (the "Note"). A true and correct copy of the Note is attached hereto as **Exhibit B**.

10. The April 2022 Loan is secured, in part, by that certain Multiple Indebtedness Mortgage dated April 28, 2022 and recorded in the records of Lafayette Parish, Louisiana, under File No. 2022-00017531 (the "Mortgage"), under which Mortgage Mr. and Mrs. Fudge granted to Lender a security interest in certain real property commonly known as 202 Grandview Terrace Drive, Youngsville,

[1] Lender does not name Drastic Air Lafayette, LLC as a defendant in this action and does not seek relief in this proceeding against Drastic Air Lafayette, LLC or property of its bankruptcy estate. Lender reserves all rights against Drastic Air Lafayette, LLC in its pending Chapter 11 case, Case No. 26-50902, United States Bankruptcy Court for the Western District of Louisiana.

Louisiana 70592 as security for the April 2022 Loan, and any and all future loans, advances, and other extensions of credit to Borrower and Co-Borrower, including the September 2022 Loan (defined below). A true and correct copy of the Mortgage is attached hereto as **Exhibit C**.

11. The April 2022 Loan is additionally secured by a lien on Borrower's personal property assets as specifically described in that certain Security Agreement dated April 28, 2022, which Borrower executed in favor of Lender (the "SBA Security Agreement"). A true and correct copy of the SBA Security Agreement is attached hereto as **Exhibit D**.

12. On or about April 27, 2022, Lender perfected its interest in the collateral pledged under the SBA Security Agreement by filing that certain UCC-1 Financing Statement recorded on April 26, 2022, with the Alabama Secretary of State as File No. 22-7243767 (the "April 2022 Financing Statement (AL)"). A true and correct copy of the April 2022 Financing Statement (AL) is attached hereto as **Exhibit E**.

13. The Loan is further secured by a lien on Co-Borrower's personal property assets as specifically described in that certain Commercial Security Agreement dated April 28, 2022, which Co-Borrower executed in favor of Lender (the "Security Agreement"). A true and correct copy of the Security Agreement is attached hereto as **Exhibit F**.

14. On or about April 27, 2022, Lender perfected its interest in the collateral pledged under the Security Agreement by filing that certain UCC-1 Financing Statement with the Clerk of Court for Lafayette Parish, Louisiana as File No. 28537015 (the "April 2022 Financing Statement (LA)"). A true and correct copy of the April 2022 Financing Statement (LA) is attached hereto as **Exhibit G**.

15. Payment of the April 2022 Loan was guaranteed by Mr. Fudge and Mrs. Fudge under (i) that certain Unconditional Guarantee dated April 28, 2022, which Mr. Fudge executed in favor of Lender (the "Chris Fudge Guarantee"), and (ii) that certain Unconditional Guarantee dated April 28, 2022, which Mrs. Fudge executed in favor of Lender (individually, the "Kimberly Fudge Guarantee," and together with the Chris Fudge Guarantee, the "April 2022 Guarantees;" the April 2022 Guarantees are referred to collectively with the Loan Agreement, Note, Mortgage, SBA Security Agreement, April 2022 Financing Statement (AL), Security Agreement, and April 2022 Financing Statement (LA), as the "April 2022 Loan Documents"). True and correct copies of the Chris Fudge Guarantee and the Kimberly Fudge Guarantee are attached hereto as **Exhibit H** and **Exhibit I**, respectively.

*b. The September 2022 Loan*

16. On or about September 9, 2022, Lender loaned an additional $125,000 (the "September 2022 Loan") to Borrower and Co-Borrower, pursuant to the terms of that certain Loan Agreement dated September 9, 2022 (the "September 2022 Loan

Agreement"), executed by Obligors on the one hand, and Lender on the other. A true and correct copy of the September 2022 Loan Agreement is attached hereto as **Exhibit J**.

17. The September 2022 Loan is evidenced by that certain Note dated on or around September 9, 2022, which Borrower and Co-Borrower executed in favor of Lender (the "September 2022 Note" and together with the April 2022 Note, the "Notes"). A true and correct copy of the September 2022 Note is attached hereto as **Exhibit K**.

18. The September 2022 Loan is also secured by a lien on Borrower's personal property as specifically described in that certain Security Agreement dated September 9, 2022, which Borrower executed in favor of Lender (the "September 2022 SBA Security Agreement"). A true and correct copy of the September 2022 SBA Security Agreement is attached hereto as **Exhibit L**.

19. On or about September 15, 2022, Lender perfected its interest in the collateral pledged under the September 2022 SBA Security Agreement by filing that certain UCC-1 Financing Statement recorded on September 15, 2022, with the Alabama Secretary of State as File No. 22-7546976 (the "September 2022 Financing Statement (AL)"). A true and correct copy of the September 2022 Financing Statement (AL) is attached hereto as **Exhibit M**.

20. Payment of the September 2022 Loan was guaranteed by Mr. Fudge and Mrs. Fudge under (i) that certain Unconditional Guarantee dated September 9, 2022, which Mr. Fudge executed in favor of Lender (the "Chris Fudge Guarantee – September 2022"), and (ii) that certain Unconditional Guarantee dated September 9, 2022, which Mrs. Fudge executed in favor of Lender (individually, the "Kimberly Fudge Guarantee – September 2022," and together with the Chris Fudge Guarantee – September 2022, the September 2022 Note, the September 2022 Loan Agreement, and the September 2022 SBA Security Agreement, the "September 2022 Loan Documents;" the September 2022 Loan Documents together with the April 2022 Loan Documents, the "Loan Documents").[2] True and correct copies of the Chris Fudge Guarantee – September 2022 and the Kimberly Fudge Guarantee – September 2022 are attached hereto as **Exhibit N** and **Exhibit O**, respectively.

## B. The Existing Defaults

21. The Loans are in default due to, among other things, Borrower's failure to make payments as and when due under the Loan Documents (the "Payment Default"), as well as Co-Borrower's filing of a voluntary Chapter 11 petition under Subchapter V in the United States Bankruptcy Court for the Western District of Louisiana on September 17, 2026, Case No. 26-50902 (individually, the

[2] The April 2022 Guarantees, together with the Chris Fudge Guarantee – September 2022, and the Kimberly Fudge Guarantee – September 2022 are referred to collectively as the "Guarantees".

"Bankruptcy Default" and together with the Payment Default, the "Events of Default").

22. Based on the Events of Default, by letter dated October 16, 2026, Lender notified Borrower of the Events of Default (the "Borrower Notice of Default"). A true and correct copy of the Borrower Notice of Default is attached hereto as **Exhibit P**.

23. In addition to the Borrower Notice of Default, Lender notified Guarantors of the Events of Default in separate letters addressed to Mr. Fudge (the "Notice of Default – Mr. Fudge") and Mrs. Fudge (individually, the "Notice of Default – Mrs. Fudge," and together with the Borrower Notice of Default and the Notice of Default – Mr. Fudge, the "Notices of Default") on October 16, 2026. A true and correct copy of the Notice of Default – Mr. Fudge and Notice of Default – Mrs. Fudge are attached hereto as **Exhibit Q** and **Exhibit R**.

24. Pursuant to the Loan Documents and through the Notices of Default, Plaintiff further notified Borrower and Guarantors that $2,440,950.78 was due together with all accrued and unpaid interest, late charges, and all other obligations and amounts due and owing under the Loan Documents and immediately payable (the "Indebtedness").

25. As of the date hereof, however, Borrower and Guarantors have failed to satisfy the Indebtedness.

26. In this action, Plaintiff is seeking:

(a) damages for breach of contract under the Loan Documents;

(b) recovery of its reasonable attorneys' fees and expenses; and

(c) such other and further relief the Court may deem just and appropriate under the circumstances.

**Count I**
**<u>Breach of Contract</u>**
**(Drastic Air Montgomery, LLC)**

27. Plaintiff incorporates by reference the allegations set forth above as if set forth fully herein.

28. Borrower executed the Loan Documents and secured the Loan.

29. Valley National Bank is the holder of the Loan Documents and is entitled to enforce the Loan Documents.

30. Under the Loan Documents, Borrower is jointly and severally obligated with Drastic Air Lafayette, LLC to Lender for payment of the Indebtedness. Borrower has failed to pay the Indebtedness, which is due and owing to Plaintiff.

31. Borrower has breached its obligations to Lender under the Loan Documents by failing to pay Lender the full amount of the Indebtedness.

32. Borrower is indebted and liable to Lender under the Loan Documents for the principal sum of $2,400,912.84, plus accrued note-rate interest, default

interest, and late charges. Interest continues to accrue on the outstanding balance of the Loan at the default interest rate.

33. Accordingly, Plaintiff demands judgment against Borrower for breach of contract under the Loan Documents in an amount not less than $2,400,912.84, together with all accrued and accruing interest and fees, including without limitation, contract-rate interest, default interest, and prepayment premiums.

**Count II**
**<u>Breach of Guarantees</u>**
**(Chris Fudge and Kimberly Fudge)**

34. Plaintiff incorporates by reference the allegations set forth above as if set forth fully herein.

35. The Guarantees constitute valid and binding contracts between Lender and the Guarantors.

36. Under the Guarantees, the Guarantors are obligated to Lender for payment of the Indebtedness upon demand.

37. On or around October 16, 2026, Guarantors received the Notice of Default, which demanded repayment of the Indebtedness no later than October 26, 2026.

38. Accordingly, Guarantors have breached their contractual obligations under the Guarantees by failing to tender to Lender the monetary amounts sufficient to satisfy the Indebtedness, as is required pursuant to the Guarantees.

39. Lender has suffered monetary damages as a proximate result of the Guarantors breaching their obligations under the Guarantees, in that the Indebtedness remains unsatisfied.

40. Lender submits that it is entitled to a monetary judgment against the Guarantors for breach of contract under the Guarantees in an amount not less than $2,400,912.84, together with all accrued and accruing interest and fees, including without limitation, contract-rate interest, default interest, and prepayment premiums.

**Count III**
**Attorneys' Fees and Expenses**
**(Drastic Air Montgomery, LLC, Chris Fudge, and Kimberly Fudge)**

41. Plaintiff incorporates by reference the allegations set forth above as if set forth fully herein.

42. By the terms of Loan Documents, including the Notes and Guarantees, Defendants are liable to Plaintiff for its collection and enforcement costs and expenses, including reasonable attorneys' fees.

43. By virtue of the foregoing, Defendants are jointly and severally liable to Lender for attorneys' fees and all other costs of collection incurred by Lender in the process of enforcing its rights and remedies under the Loan Documents.

## PRAYERS FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests the following relief:

1. That the Court enter judgment in favor of Plaintiff against Borrower in the amount of the principal amount due under the Loan Documents, plus interest accrued through the date of judgment, plus interest which shall accrue after the date any judgment is entered in this case until such judgment is satisfied in full, including default interest, plus any and all escrows, taxes, fees, and charges;

2. That the Court enter judgment in favor of Plaintiff against Guarantors, jointly and severally, in the principal amount due under the Loan Documents, plus interest accrued through the date of judgment, plus interest which shall accrue after the date any judgment is entered in this case until such judgment is satisfied in full, including default interest, plus any and all escrows, taxes, fees, and charges;

3. That the Court enter judgment in favor of Plaintiff against the Defendants, jointly and severally, for all costs, attorneys' fees, and expenses incurred by Plaintiff in enforcing its rights under the Loan Documents; and

4. For any such other, further, or different relief to which Plaintiff may be entitled.

Respectfully submitted this the 23rd day of November, 2026.

*/s/ James P. Roberts*
JAMES P. ROBERTS (ROB202)
CAROLINE S. DEAN (DEA055)

OF COUNSEL:

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
1901 6TH AVE N, SUITE 2600
Birmingham, Alabama 35203
*Tel: (205) 244-3837*
*Fax: (205) 322-8007*

*Attorneys for Valley National Bank*

**SERVE DEFENDANTS BY CERTIFIED MAIL:**

Drastic Air Montgomery, LLC
Through its registered agent:
Northwest Registered Agent LLC
2121 1st Ave N, STE N
Birmingham, AL 35203

Chris Fudge
202 Grandview Terrace Dr.
Youngsville, LA 70592-5577

Kimberly Fudge
202 Grandview Terrace Dr.
Youngsville, LA 70592-5577

## VERIFICATION

I, Anthony E. Hope, a First Vice President, Special Assets of Valley National Bank, having first been duly sworn, and being authorized to make this statement, do make an oath that I am an adult citizen competent to testify to the matters stated herein, that I have read the foregoing Verified Complaint and have examined the documents attached as Exhibits thereto, and that, based upon my personal knowledge of the facts stated therein and upon my review of the records of Valley National Bank that were kept as a regular practice of Valley National Bank in the course of its regularly conducted business activity and that were made at or near the time of the occurrence of the matters set forth, the facts stated in the Verified Complaint are true, and the documents attached as Exhibits are accurate copies of the records of the regularly conducted activity of Valley National Bank.

Valley National Bank

By: ______________________
Name: Anthony E. Hope
Its: First Vice President, Special Assets

STATE OF NEW JERSEY
COUNTY OF ESSEX

Before me, Anthony Hope of the state and county mentioned, personally appeared Anthony E. Hope, with whom I am personally acquainted, or proved to me on the basis of satisfactory evidence, and who, upon oath, acknowledged such person to be an officer or other representative authorized to execute the instrument of Valley National Bank, and that such officer/representative as such, he executed the foregoing instrument for the purpose therein contained, by personally signing his name as First Vice President of the corporation.

Witness my hand and seal at office in Fairfield, New Jersey, this 23rd day of November, 2026.

______________________
NOTARY PUBLIC
My Commission Expires: 9/30/31

[SEAL]

KRISTINA CATANIA
NOTARY PUBLIC STATE OF NEW JERSEY
MY COMMISSION EXPIRES SEPTEMBER 30, 2031



4920-8471-3187